**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FORREST SAWYER,
Plaintiff-Appellant,

v.

BALL CORPORATION, an Indiana
Corporation,
Defendant-Appellee.

No. 97-2033

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CA-96-168-4)

Argued: May 6, 1998

Decided: June 4, 1998

Before ERVIN, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jonathan William David, DAVID & KAMP, L.L.C.,
Newport News, Virginia, for Appellant. Rodney Allen Satterwhite,
MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond,
Virginia, for Appellee. **ON BRIEF:** E. D. David, DAVID & KAMP,
L.L.C., Newport News, Virginia, for Appellant. James P. McElligott,
Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Forrest Sawyer filed suit claiming retaliatory discharge in violation of the Family Medical Leave Act (FMLA), 29 U.S.C.A.§§ 2601 - 2619 (West Supp. 1998), discharge in violation of the FMLA, and breach of settlement agreement, based upon his termination from his employment at Ball Corporation (Ball) for a violation of disciplinary probation. Sawyer appeals from the district court's order granting summary judgment in favor of Ball on all claims and denying Sawyer's motion to amend his complaint. We affirm.

I.

Summary judgment is appropriate when a party who will bear the burden of proof at trial fails to make a showing sufficient to establish an element essential to the case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When reviewing a district court's determination that summary judgment is appropriate, we apply a de novo standard of review, see Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988), and view the facts in the light most favorable to the non-moving party, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The denial of leave to amend a complaint is reviewed for abuse of discretion. See American Hot Rod Assn., Inc. v. Carrier, 500 F.2d 1269, 1275 (4th Cir. 1974).

Viewed in the light most favorable to Sawyer, the facts are as follows. Sawyer began his employment with Ball in its Williamsburg can manufacturing facility in 1977. He was promoted over the years on several occasions and eventually reached the position of Chief Maintainer. Although his work evaluations generally praised his performance, they consistently noted that attendance was a problem for Sawyer and that he needed to improve his reliability by improving his attendance.

2

In 1993-1994 Sawyer had multiple attendance incidents. Finally, in April 1994, Ball put Sawyer on three-day suspension without pay as a result of unexcused absences, in accordance with its disciplinary procedure. Upon his return from his suspension on May 2, 1995, Ball notified Sawyer that he would be on a six-month probation and that any further non-compensable leave taken during the next six months would result in termination.

In early September 1995, Sawyer was cited for boating under the influence (BUI) and told his supervisor that he needed a work day off to attend court because he could not get the appearance rescheduled during his regular day off. Sawyer's immediate supervisor gave permission for an excused absence. After management discovered that Sawyer had to appear for BUI charges, Ball determined that generally such an absence would not have been excused. Thus, Ball held a meeting in September, later documented by a letter, during which management explained to Sawyer that they were extending his probationary period. The new probation would last six months from the meeting date in September and would require perfect attendance, thereby restricting his ability to take non-compensable leave. Sawyer would be entitled to paid leave but no unpaid leave during the six month period. Unfortunately, in October 1995, Sawyer was injured when he jumped off the deck at his home. He submitted a doctor's note excusing him from work from October 23 through October 25, three days. When Sawyer failed to report to work on October 26, Ball terminated him under the terms of the disciplinary probation for poor attendance.

After further medical evaluation, however, it was determined that Sawyer had a serious medical condition cognizable under the FMLA. Sawyer's lawyer brought this to Ball's attention and arranged for Sawyer's reinstatement after his FMLA leave was completed. A letter sent by Sawyer's attorney, which purported to confirm an agreement with Ball, stated that Sawyer would be reinstated "as if he had never been terminated, with the bridging of all rights and entitlements without penalty whatsoever." (J.A. at 11.) Sawyer considers this letter to be a settlement agreement.

Upon Sawyer's return to work in January 1996, he was given a memo stating that his disciplinary probation would terminate June 4,

3

1996. At the time the letter was presented, Sawyer questioned the ending date of the probationary period because he thought that his FMLA leave time should have been included as probation time already served. Ball recalculated the date and figured that Sawyer's probation should end on June 5, 1996. Sawyer did not revisit the issue of the proper probationary period with Ball.

On May 19, 1996, Sawyer overslept and did not report to work on time. His boss called him and awakened him so that he could report to work. As this was an unexcused attendance incident within the probationary period, Sawyer was terminated.

## II.

Sawyer filed his initial complaint in the district court in December 1996. In his complaint he alleged retaliatory discharge in violation of the FMLA, discharge in violation of the FMLA, and breach of settlement agreement. On June 12, 1997, Sawyer moved to amend his complaint to add additional state law claims for: (1) breach of contract, (2) retaliatory discharge in contravention of public policy, and (3) fraud. On June 13, 1997, Ball moved for summary judgment on the claims raised in the initial complaint. On June 24, 1997, Sawyer moved for summary judgment on the claims in the initial complaint. On June 26, 1997, Ball filed its opposition to Sawyer's motion to amend his complaint.

The district court heard argument on all pending motions on July 1, 1997. The court denied Sawyer's motions for summary judgment and to amend the complaint, and granted Ball's motion for summary judgment. The district court denied Sawyer's motion to amend the complaint because Sawyer should have known of the new claims at the time the complaint was filed. Additionally, the district court ruled that the defendant would be prejudiced by the late amendment. The district court rejected the FMLA claims because Sawyer was put back into exactly the same employment position he had been in before he took leave and therefore was not penalized in any way for taking FMLA leave. Also, insufficient evidence had been forecasted on the retaliation claim to raise a genuine issue of material fact that his FMLA leave was a causal factor in his termination. Finally, the district court concluded that no breach of the settlement agreement had

4

occurred because Sawyer had not suffered any penalty upon his return to work.

Sawyer appeals, arguing that the district court erred when it ruled in Ball's favor because: (1) Ball breached its settlement agreement when it reinstated Sawyer but did not count the days he spent on FMLA leave against his disciplinary suspension; (2) Ball retaliated against Sawyer by changing the terms of his probation after he returned from FMLA leave; (3) Ball violated the FMLA when it penalized him for taking leave by not subtracting leave days from his probationary period; (4) Ball violated its own attendance policy when it terminated Sawyer; and (5) the district court abused its discretion when it denied Sawyer's motion to amend his complaint.

III.

We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct. Accordingly, we affirm on the reasoning set forth in the district court's opinion. See Sawyer v. Ball Corp., C.A. No. 4:96cv168 (E.D. Va. July 2, 1997).

AFFIRMED